Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3025 | **DATE** | 5/16/2001 |
| **CASE TITLE** | Odell Reed vs. Chicago Transit Authority | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/13/2001 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Defendant's motion to dismiss counts III and IV of plaintiff's second amended complaint pursuant to FRCP 12(b)(6) is denied (#32).**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 22 2001 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 22 AM 11: 57 | 5/16/2001 | |
| AC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice AC mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ODELL REED, )
)
      Plaintiff, )    No. 99 C 3025
)
v. )    Magistrate Judge
)    Arlander Keys
CHICAGO TRANSIT AUTHORITY, )
)
      Defendant. )



## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Chicago Transit Authority's ("CTA") Motion to Dismiss Counts III and IV of Plaintiff's Second Amended Complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6)(West 2001). For the following reasons, CTA's Motion is denied.

## DISCUSSION

CTA moves to dismiss Counts III and IV of Plaintiff's Second Amended Complaint, which are both breach of contract claims, on the grounds that Plaintiff failed to plead that he exhausted the grievance provisions in Article 16 of the Collective Bargaining Agreement ("CBA") between the CTA and the Amalgamated Transit Union, Local 241. Furthermore, according to the CTA, Plaintiff's claims must be dismissed, as the CBA, in conformance with the Illinois Public Labor Relations Act ("IPLRA"), 5 ILCS 315/1, et

35

seq. (West 2001), provides for a final and binding grievance-arbitration process, which is the exclusive remedy for Plaintiff's breach of contract claims (which concern an interpretation of the CBA).

However, Plaintiff does, indeed, adequately plead that he exhausted the grievance procedures. In paragraphs 48 and 54 of the Second Amended Complaint, Plaintiff states that he "properly filed for disability benefits and met all the necessary requirements for disability benefits under the Agreement." While he does not specifically allege that he completed steps 1-4 of the grievance procedure, on a motion to dismiss, where the Court takes all well-pleaded allegations as true, and draws all reasonable inferences in favor of Plaintiff (see *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999), Plaintiff has satisfactorily pled that he has completed the requirements imposed on him under the Agreement (i.e. the grievance procedure steps).

Significantly, in a breach of contract claim, a plaintiff merely has to plead: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resulting injury to the plaintiff. *Complete Business Solutions, Inc. v. Mauro*, No. 01 C 0363, 2001 WL

290196, at * 4 (N.D. Ill. March 16, 2001)(citation omitted).

Here, Plaintiff has alleged the existence of the CBA, that disability benefits are provided to CTA employees in accordance with the CBA, that he is an employee covered by the CBA, and, importantly, that he met all of the necessary requirements for disability benefits under the CBA. (Second Am. Compl. ¶¶ 4, 46-47, 53-54.) Furthermore, Plaintiff has pled that the CTA had a contractual duty, pursuant to the CBA, to provide disability benefits to Plaintiff, that the CTA failed to comply with that duty, and that such failure caused Plaintiff's injury. (Second Am. Compl. ¶¶ 49-51, 56-58.) Clearly, the CTA has ample notice of the necessary elements for a breach of contract claim. In fact, perhaps realizing the futility of pursuing its Motion to Dismiss, the CTA failed to provide a Reply to its Motion. In sum, Plaintiff has satisfactorily alleged a cause of action for breach of contract in both Counts III and IV.[1]

Finally, although the CTA argues arbitration is the exclusive remedy, Plaintiff has the right, pursuant to the IPLRA, to pursue

---

[1] Of course, the CTA can argue in a summary judgment motion that Plaintiff did not, in fact, comply with the requirements for filing a grievance under the CBA. However, at the motion to dismiss stage, where the Court must apply the liberal pleading rules, Plaintiff has adequately stated a cause of action for breach of contract.

a breach of contract action against his employer after the exhaustion of nonjudicial remedies set forth in a CBA. IPLRA, 5 ILCS 315/16; *see also Bailey v. Johnsen*, No. 90 C 01795, 1990 WL 115561, at * 4(N.D. Ill. Aug. 9, 1990)("The Illinois Public Labor Relations Act allows an individual to resort to the courts to remedy a breach of a collective bargaining agreement after the exhaustion of nonjudicial remedies."); *Cessna v. City of Danville*, 693 N.E.2d 1264, 1270 (Ill. App. Ct. 1998)(finding that the plaintiff had adequately pled that she exhausted her contractual remedies under the collective bargaining agreement, and, therefore, could pursue lawsuit in court under the IPLRA). Similarly, here, because Plaintiff has alleged that he met all the necessary requirements for disability benefits under the CBA, the Court finds that he has satisfactorily pled that he exhausted his contractual remedies under the CBA, and, therefore, may proceed in court.

## CONCLUSION

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss be, and the same hereby is, DENIED.

DATED: May 16, 2001

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge